THE WASHOE TOOL MANUFACTURING COMPANY, Respondent, *v.* THE HIBERNIA FIRE INSURANCE COMPANY OF OHIO, Appellant.

An action upon a policy of fire insurance was commenced in the name of L., as assignee. Subsequently, upon affidavits that it had been reassigned, the insured was substituted as plaintiff ; defendant acquiesced in the order by receiving costs allowed to it. On the trial defendant objected to a recovery, without proof of an assignment and reassignment. The objection was overruled, and a motion was granted, without objection, conforming the complaint to the proof. *Held,* that the objection was untenable, as after the granting of the motion to conform there was nothing in the pleadings or proofs to show an assignment.

The policy contained a clause that the company would not be liable, unless premiums "be actually paid to the company." It was delivered by defendant's agent, without requiring prepayment. Payment of the premiums was demanded several times, but not paid. Plaintiff's officer, at the time of the last demand, promised to pay in a few days. The policy was not canceled, nor was plaintiff notified that it would be void, unless payment was made. *Held,* that the evidence justified a finding that the waiver of payment continued up to the loss, and that defendant was liable.

(Argued April 12, 1876 ; decided April 25, 1876.)

THIS was an action upon a policy of fire insurance, issued by defendant to plaintiff. (Reported below, 7 Hun, 74.)

The action was originally brought in the name of one Lathrop, who sued as assignee. An order was subsequently made substituting the present plaintiff, upon affidavits showing that the claim had been reassigned. Upon the trial defendant's counsel objected to a recovery without proof of the assignment and reassignment; the objection was overruled. No proof thereof was given, and at the close of the evidence, after proof of the issuing of the policy and of loss, a motion was made and granted, without objection, conforming the pleadings to the proof. *Held,* that the objection was untenable; that, after the granting the motion to conform, there was nothing showing an assignment, either in the complaint or proofs; that the original complaint could not be used to show an assignment without being offered in evidence.

It was objected that it not appearing that the original plaintiff ever had a cause of action, the present plaintiff could not

have been properly substituted. The order to substitute was acquiesced in, defendant receiving costs allowed by it. *Held,* that it could not now object that the order was not properly made.

The policy contained a clause declaring that the company would not be liable until premiums should be actually paid. The policy was delivered by defendant's agent, who waived prepayment, and no time was fixed for payment. Payment was demanded of plaintiff several times, but not made at the time of the last demand. Plaintiff's officer, of whom demand was made, said he would pay it in a few days. The policy was canceled, nor was plaintiff notified that it would be void or canceled, unless payment was made. *Held,* as above.

*N. C. Moak* for the appellant.

*S. A. Noyes* for the respondent.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.

———————

HOWARD ALLISON, Receiver, etc., Respondent; *v.* WILLIAM E. WELLER, Appellant.

THE SAME, Respondent, *v.* THERON WELLER, Impleaded, etc., Appellant.

(Argued April 14, 1876; decided April 25, 1876.)

THE first case reported below, 8 Hun, 608.

*Gilbert O. Hulse* for the appellants.

*D. D. McKoon* for the respondent.

Agree to affirm. No opinion.
All concur.
Judgments affirmed.